UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| JERRY WALTER MATZEN, JR., individually,<br><br>Plaintiff,<br><br>v.<br><br>SNUG HARBOR MARINE, LLC, and BLAZER FISHING, INC.,<br><br>Defendants. | IN LAW AND ADMIRALTY<br><br>Case No.   3:23-cv-5192<br><br>**SEAMAN'S COMPLAINT FOR PERSONAL INJURY UNDER THE JONES ACT, 46 USC § 30104, AND THE GENERAL MARITIME LAW AND FOR MAINTENANCE AND CURE**<br><br>**Rule 28 U.S.C. § 1916 Seaman to Sue Without Prepayment of Costs**<br><br>**JURY DEMAND REQUESTED** |

COMES NOW Plaintiff **JERRY WALTER MATZEN, JR.,** (hereinafter "Matzen" or "Plaintiff"), by and through his counsel of record, Joseph S. Stacey, Nigel T. Stacey, and James P. Jacobsen of Stacey & Jacobsen, PLLC, alleges for his Complaint against defendant Snug Harbor Marine, LLC and defendant Blazer Fishing, Inc. (together, the "Defendants") as follows:

### I.   JURISDICTION

1.1   This is a claim for personal injuries sustained by a seaman in the course and scope of his employment aboard a commercial fishing vessel TRADITION. Plaintiff brings this case

**SEAMAN'S COMPLAINT - 1**

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

against his employer and owner/operator of the vessel. Plaintiff JERRY WALTER MATZEN, JR., is a seaman within the meaning of the Merchant Marine Act of 1920, 46 U.S.C. § 30104, *et. seq.*, commonly known as the Jones Act. Jurisdiction is vested in this Honorable Court pursuant to 46 U.S.C. § 30104, which incorporates by reference 45 U.S.C. § 56 (providing for Federal Court jurisdiction), and 28 U.S.C. § 1331.

## II. THE PARTIES

2.1 At all relevant times, Plaintiff JERRY WALTER MATZEN, JR., was a Jones Act seaman in the service of F/V TRADITION. Mr. Matzen is a resident and citizen of the State of Washington.

2.2 Defendant SNUG HARBOR MARINE, LLC ("Snug Harbor"), is licensed to do and is doing business in the State of Alaska, and at all times relevant hereto, owned and operated F/V TRADITION.

2.3 Defendant BLAZER FISHING, INC. ("Blazer Fishing"), is licensed to do and is doing business in the State of Washington, and at all times relevant hereto, employed the Plaintiff as a seaman on F/V TRADITION.

## III. LIABILITY

3.1 On or about June 19, 2022, while in the course of his employment with the Defendant BLAZER FISHING, INC., and while in the service of F/V TRADITION, Plaintiff was severely injured as a result of the negligence of the Defendants and/or the unseaworthiness of F/V TRADITION. Defendants may have breached State and/or Federal laws and/or regulations (hereafter, also referred to as negligence and/or unseaworthiness).

3.2 Plaintiff was working on F/V TRADITION as a deckhand when he was injured. At relevant times, F/V TRADITION was acting as a fish tender for the salmon fishery in Bristol Bay,

**SEAMAN'S COMPLAINT** - 2

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

Alaska. This tender vessel offloads fish from catcher boats in the Bay and ferries the fish to a cannery for processing. Plaintiff's job, at the time of injury, was to work on the deck of F/V TRADITION and assist in offloading the catch from the catcher boats.

3.3 Immediately prior to his injury, Plaintiff and the other crew had just completed offloading fish from a catcher boat. A line which ran from TRADITION to the catcher boats to assist in the offload needed to be stowed until the next catcher boat arrived. Plaintiff bent down to attach a "pelican hook" to the ship's rail to secure the line. This is a task Plaintiff did the same way every time, including just earlier in the same day. Plaintiff attached the pelican hook and stood up.

3.4 Plaintiff was injured when a heavy fish scale hanging off the knuckle crane was lowered, striking Plaintiff's head, neck, and back.

3.5 The knuckle crane operator immediately ran to Plaintiff and apologized for what he did. Plaintiff went to the skipper to report the injury. The captain advised Plaintiff that he saw the injury event. The captain provided first aid.

3.6 Plaintiff immediately developed a "goose egg" on his head after being hit by the scale. The skipper relieved Plaintiff from his duties for the rest of his shift. Plaintiff was awoken by a migraine headache. He tried to continue to work but he had difficulties and the captain put him to shore prior to the expiration of his term of employment, on or about July 7, 2022.

3.7 Plaintiff went to the hospital on July 19, 2022, and was treated for a closed head injury with headache and neck pain.

3.8 Plaintiff subsequently underwent two surgeries, including a fusion of his neck.

### IV. NO COMPARATIVE FAULT

4.1 At the time of his injury, Plaintiff was acting in the usual and expected manner.

SEAMAN'S COMPLAINT - 3

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

4.2    Plaintiff is not at fault in causing his injury.

## V. NO ASSUMPTION OF THE RISK

5.1    Plaintiff is a seaman and, as a matter of law, cannot assume the risk of injury.

## VI. DAMAGES

6.1    As a direct and proximate result and/or legal cause of the negligence of the Defendants, and the unseaworthiness of F/V TRADITION, Plaintiff sustained multiple injuries, including but not limited to his head, neck, back, and other parts of the body which resulted in significant and permanent damage, disability, and impairment. Plaintiff had to undergo surgeries, including the fusion of his neck. The full extent of his injuries is presently undetermined. Plaintiff has suffered pain, anguish, and disability in the past and will in the future. He has incurred medical expenses in the past and may in the future. The full extent of the permanent impairment to his wage-earning capacity is presently undetermined. He has lost wages in the past and will lose wages in the future. Plaintiff also will incur additional economic damages, including the need to pay for certain services that, prior to his injury, he could do for himself.

## VII. MAINTENANCE, CURE AND UNEARNED WAGES

7.1    Defendant, by reason of the injuries received by Plaintiff in the course of his employment on board F/V TRADITION, is liable to Plaintiff for his provable entitlements. Defendant wrongfully, arbitrarily, and willfully has withheld unearned wages.

## VIII. JURY DEMAND

8.1    Pursuant to F.R.C.P. 38, demand is hereby made that the above-captioned case be tried by a jury.

**SEAMAN'S COMPLAINT - 4**

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100

**WHEREFORE**, Plaintiff prays for a judgment, in accordance with the evidence to be presented at the time of trial and as may be permitted under the General Maritime Law and the Jones Act, for all general and special damages permitted under the law, including but not limited to: maintenance and cure, entitlements, lost wages both past and future, services, pain and suffering both past and future, anguish, permanent disability, past medical bills, future medical bills, future attendant care expenses, anguish and loss of life's enjoyments, together with taxable costs, maritime prejudgment interest, and attorney fees. Plaintiff further prays for all remedies under this Court's legal and equitable jurisdiction.

DATED this 9th of March, 2023.

STACEY & JACOBSEN, PLLC

By: _____
Joseph S. Stacey, WSBA #12840
jstacey@maritimelawyer.us
James P. Jacobsen, WSBA #16331
jjacobsen@maritimelawyer.us
Nigel T. Stacey, WSBA #55458
nstacey@maritimelawyer.us
4039 21st Avenue W, Suite 401
Seattle, WA 98199
Phone: 206.282.3100
Attorney for Plaintiff

SEAMAN'S COMPLAINT - 5

STACEY & JACOBSEN, PLLC
ATTORNEYS AT LAW
WASHINGTON ALASKA OREGON
4039 21ST AVENUE WEST, SUITE 401
SEATTLE, WA 98199
TELEPHONE (206) 282-3100